**1382**

In re: BMW REVERSE TRANS-
MISSION PRODUCTS LIA-
BILITY LITIGATION.

Daniel J. Corbett v. BMW of North
America, LLC, D. Connecticut,
C.A. No. 3:07–1273.

David Contino, et al. v. BMW of North
America, LLC, D. New Jersey, C.A.
No. 2:07–5755.

MDL No. 1922.

United States Judicial Panel on
Multidistrict Litigation.

April 9, 2008.

Before JOHN G. HEYBURN II,
Chairman, D. LOWELL JENSEN, J.
FREDERICK MOTZ, ROBERT L.
MILLER, JR., KATHRYN H. VRATIL,
DAVID R. HANSEN, and ANTHONY J.
SCIRICA *, Judges of the Panel.

## ORDER DENYING TRANSFER

JOHN G. HEYBURN II, Chairman.

**Before the entire Panel\*:** Plaintiffs in
both actions have moved, pursuant to 28
U.S.C. § 1407, for coordinated or consoli-
dated pretrial proceedings of this litigation
in the District of New Jersey. Defendant
BMW of North America, LLC (BMW) op-
poses centralization.

This litigation currently consists of two
actions pending in two districts, one each
in the District of Connecticut and the Dis-
trict of New Jersey.

After considering all argument of coun-
sel, we find that Section 1407 centraliza-
tion would not necessarily serve the con-
venience of the parties and witnesses or
further the just and efficient conduct of
this litigation. Inasmuch as this litigation
involves only two purported class actions
with distinctly separate classes, the propo-
nents of centralization have failed to per-
suade us that any common questions of
fact are sufficiently complex and/or numer-
ous to justify Section 1407 transfer in this
docket at this time. If additional related
actions with overlapping putative classes
are filed in the future, centralization might
be a possibility at that time. At present,
alternatives to transfer exist that can mini-
mize whatever possibilities there might be
of duplicative discovery and/or inconsistent
pretrial rulings. *See, e.g., In re Eli Lilly
and Company (Cephalexin Monohydrate)
Patent Litigation,* 446 F.Supp. 242, 244
(Jud.Pan.Mult.Lit.1978); *see also Manual
for Complex Litigation, Fourth,* § 20.14

---

* Judge Scirica did not participate in the dispo-   sition of this matter.

(2004). Notably, there is only one common defendant and plaintiffs in both actions share counsel, making coordination by the parties to both actions feasible.

IT IS THEREFORE ORDERED that the motion, pursuant to 28 U.S.C. § 1407, for centralization of these two actions is denied.